IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM T. WINDSOR, III, | : |
| Petitioners, | : |
| v. | : Civil Action No. 24-425-CFC |
| BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM**

**I.   INTRODUCTION**

Petitioner was indicted in February 2013 on 160 counts of various sexual offenses involving the two daughters of his girlfriend. See *State v. Windsor*, 2015 WL 1455602, at *1 (Del. Super. Ct. Mar. 25, 2015). On September 9, 2013, Petitioner pled guilty to one count of second-degree rape and no contest to one count of continuous sexual abuse of a child. See *Windsor v. State*, 100 A.3d 1022 (Table), 2014 WL 4264915, at *1 (Del. Aug. 28, 2014). The Superior Court sentenced him on December 13, 2013 to twenty-five years at Level V imprisonment, suspended after twenty years for decreasing levels of supervision for the second-degree rape conviction, and to twenty-five years of Level V supervision, suspended after two years for decreasing levels of supervision, for the continuous abuse of a child conviction. *Id.* at *2. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences on August 28, 2014. *Id.* at *6.

In 2016, Petitioner filed in this Court a petition for writ of habeas corpus challenging his 2013 convictions with the following claims: (1) the police violated his Fourth Amendment rights by taking him into custody without an arrest warrant; (2) the indictments were multiplicitous and violated the Double Jeopardy clause; (3) the Equal Protection and Double Jeopardy Clauses were violated because Petitioner thought he was pleading guilty to an "A" case charge, but a "B" case charge had mistakenly been transferred to the "A" case; (4) he is actually innocent; (5) defense counsel provided ineffective assistance; and (6) the Superior Court violated Petitioner's Sixth and Fourteenth Amendment rights by denying his *pro se* motion to withdraw his plea. The Honorable Richard G. Andrews dismissed the petition as time-barred in November 2017. *See Windsor v. Metzger*, 2017 WL 5592279, at *3 (D. Del. Nov. 21, 2017). Petitioner appealed. The Third Circuit Court of Appeals declined to issue a certificate of appealability in an order dated March 19, 2018, explaining that "reasonable jurists would not debate the District Court's conclusion that [Petitioner's 2254] petition is barred by the one-year statute of limitations." (D.I. 27 in *Windsor v. Pierce*, Civ. A. No. 16-668-RGA)

In April 2024, Petitioner filed a new petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3; D.I. 6) Petitioner challenges his 2013 convictions on the ground that he is actually innocent, and also argues that: (1) he was taken into custody without an arrest warrant (D.I. 3 at 5; D.I. 6 at 1); (2) the victim recanted her statement (D.I. 3 at 5; D.I. 6 at 2); (3) defense counsel provided ineffective assistance by failing to follow Petitioner's request to withdraw his plea at the sentencing

3

hearing (D.I. 3 at 5-6; D.I. 6 at 5); (4) defense counsel provided ineffective assistance by not investigating witnesses (D.I. 3 at 5); and (5) defense counsel provided ineffective assistance by not objecting to the State's motion to include a second degree rape charge (D.I. 3 at 6; D.I. 6 at 7). Petitioner has also filed a Motion for Leave to Proceed In Forma Pauperis (D.I. 1) and a Motion for Appointment of Counsel (D.I. 5).

## II.   STANDARD OF REVIEW

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Additionally, a petitioner may not file a second or successive habeas petition and/or claim without first obtaining authorization from the appropriate court of appeals. See Burton v. Stewart, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. § 2254. A petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. See Benchoff, 404 F.3d at 817; In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court

of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III. DISCUSSION

The instant Petition challenges the same 2013 convictions that were challenged in Petitioner's first habeas petition, and the dismissal of Petitioner's first habeas petition as time-barred constitutes an adjudication on the merits for second or successive habeas purposes. *See Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) ("Rohn previously filed a § 2254 petition that was dismissed as untimely, and, because that disposition counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), he must seek permission from this Court to file a second or successive habeas petition pursuant to § 2244(b); *Thomas v. Pierce*, 2017 WL 359165, at *1 (D. Del. Jan. 23, 2017) (noting that dismissal of first habeas petition as time-barred "constitutes an adjudication on the merits for the purposes of the gate-keeping rules on second or successive applications."). In addition, Petitioner either did assert or could have asserted the instant grounds for relief in his first petition. Given these circumstances, the Court concludes that the instant Petition constitutes a second or successive habeas petition under 28 U.S.C. § 2244.

Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas Petition. Consequently, the Court concludes that it lacks jurisdiction to consider the Petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. The Court further concludes that it would not be in the interest of justice to transfer this case to the

5

Third Circuit, because nothing in the Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the Petition for lack of jurisdiction and will dismiss as moot the pending Motion for Appointment of Counsel.

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant unauthorized second or successive Petition for lack of jurisdiction and dismiss the pending Motion for Appointment of Counsel as moot. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

A separate Order follows.

Dated: October 22, 2024

Colm F. Connolly
Chief Judge